SCOTT N. SCHOOLS (SCSBN 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MICHAEL T. PYLE (CSBN 172954)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-7322
Facsimile: (415) 436-6748
Email: michael.t.pyle@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

LANGUAGE LINE SERVICES, L.L.C,

Plaintiff,

v.

FEDERAL EMERGENCY MANAGEMENT AGENCY et al.,

Defendants.

No. C 07-5249 SI

**STIPULATION AND ORDER OF COMPROMISE AGREEMENT**

IT IS HEREBY STIPULATED by and between the parties and counsel in the above-captioned action ("this Action") that it shall be and is settled and compromised on the following terms:

1. Defendant Federal Emergency Management Agency ("FEMA") shall produce all documents responsive to the Freedom of Information Act ("FOIA") request submitted by Plaintiff Language Line Services L.L.C. on or about December 22, 2006 that have not previously been produced to Plaintiff and that FEMA has been able to find after a search that FEMA represents to have been at least as exhaustive as that required by FOIA. FEMA will not charge Plaintiff any amount of money for the search or production of these documents and waives any and all rights FEMA might have under FOIA or otherwise to recover any fee from

Plaintiff regarding FEMA's response to Plaintiff's December 22, 2006 FOIA request.

2. FEMA shall comply with the provisions set forth in Paragraph 1 above on or before December 13, 2007. FEMA will produce the documents to Plaintiff with a cover letter reciting the substance of the provisions of Paragraph 1 above.

3. FEMA represents that the only responsive documents found during the search described in Paragraph 1 above consist of call records regarding services provided by Language Services Associates, Inc. Plaintiff agrees that FEMA may redact the last column of these call logs, a column listing the client charge associated with each call, and waives any and all rights Plaintiff might have under FOIA or otherwise to obtain an unredacted copy of that column. FEMA represents that the column is redacted pursuant to FOIA Exemption 4.

4. FEMA and Plaintiff agree to bear their own fees and costs and waive any and all rights either Plaintiff or FEMA might have under FOIA or otherwise to recover fees and costs from the other party.

5. Plaintiff Language Line Services L.L.C. accepts the terms described in paragraphs one through four above in full settlement and satisfaction of any and all claims and demands which it, or its successors or assignees may now have or hereafter acquire against defendants FEMA, United States Department of Homeland Security ("DHS"), Michael Chertoff, Secretary of Department of Homeland Security, and R. David Paulson, Administrator of FEMA, and/or any of FEMA and/or DHS's past and present officials, agents, employees, attorneys, or insurers, on account of the events described in plaintiff's complaint in this action.

6. In consideration of this Agreement and the foregoing terms, Plaintiff agrees to file a fully executed Notice of Voluntary Dismissal with prejudice of this Action, pursuant to Federal Rule 41(a) and this Agreement, on or before December 18, 2007. Plaintiff agrees to deliver the fully executed Notice of Voluntary Dismissal to defendant's counsel for approval as to form prior to filing it.

7. This Agreement may be pled as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of the claims released and

discharged by the Agreement.

8. This is a compromise settlement of a disputed claim and demand, which settlement does not constitute an admission of liability or fault on the part of any defendant or any of its past and present officials, agents, employees, attorneys, or insurers on account of the events described in plaintiff's complaint in this action.

9. The parties agree that should any dispute arise with respect to the implementation of the terms of this Agreement, the plaintiff shall not seek to rescind the Agreement and pursue its original causes of action. Plaintiff's sole remedy in such a dispute is an action to enforce the Agreement in district court. The parties agree that the district court will retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this Agreement.

10. Each party hereby stipulates that it has been represented by and has relied upon independent counsel in the negotiations for the preparation of this Agreement, that it has had the contents of the Agreement fully explained to it by such counsel, and is fully aware of and understands all of the terms of the Agreement and the legal consequences thereof. It is acknowledged that the parties hereto have, through their respective counsel, mutually participated in the preparation of this Agreement, and it is agreed that no provision hereof shall be construed against any party hereto by virtue of the activities of that party or its attorney.

11. If any provision of this Agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any way be affected or impaired thereby.

12. This instrument shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

Dated: December __, 2007

LANGUAGE LINE SERVICES, L.L.C.
Plaintiff

By its ___________________________

Dated: December __, 2007

___________________________
AARON P. SILBERMAN
Attorney for Plaintiff

SCOTT N. SCHOOLS
United States Attorney

Dated: December __, 2007

___________________________

MICHAEL T. PYLE
Assistant United States Attorney

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: ___________

___________________________
SUSAN ILLSTON
United States District Court Judge

Dated: December __, 2007

LANGUAGE LINE SERVICES, L.L.C.
Plaintiff

By its ______________

Dated: December 11, 2007

AARON P. SILBERMAN
Attorney for Plaintiff

SCOTT N. SCHOOLS
United States Attorney

Dated: December 12, 2007

MICHAEL T. PYLE
Assistant United States Attorney

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: ____________

SUSAN ILLSTON
United States District Court Judge